IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**
**INTERNAL REVENUE SERVICE,**

      Petitioners,

                                                     Misc. No. 13-MC-36 RB/RHS

vs.

**MORRIS D. BROWN,**

      Respondent.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION,
INCLUDING PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THIS MATTER comes before the Court on the Order of Reference (Doc. 4) from the District Court to the undersigned. Pursuant to the referral, the undersigned held a hearing on November 20, 2013 (Doc. 15). The United States of America, Internal Revenue Service (IRS) appeared through Assistant United States Attorney Manuel Lucero. IRS Officer David A. Duck also made a personal appearance. Respondent Morris D. Brown did not appear; however, the Court is satisfied that he was aware of the proceedings because of the Special Appearance that Respondent filed on the eve of the hearing (Doc. 13).

The IRS issued a summons to Respondent. Respondent failed to comply with the summons and the IRS filed this cause of action to enforce the summons. The IRS requests that (1) the Court find that Respondent is in civil contempt of Court for his failure to appear, (2) the Court direct the United States Marshal for the District of New Mexico to arrest Respondent and hold him in federal custody until such time as he either (a) posts a cash bond in the sum of $196,090.41 or (b) Respondent or his agent delivers all of the material required by the IRS summons and Respondent provides oral testimony during an interview with IRS Officer David

Duck, and (3) the Court order the summons to be enforced.

Respondent has filed many documents, all apparently without assistance of counsel. The Court has reviewed Respondent's Letter of Show Cause and Appearance (Doc. 9), a Notice (Doc. 10), Special Court Appearance (Doc. 13), various Certificates of Service (Docs. 16, 17), Notice of Default by Judicial Acquiescence (Doc. 18), Notice of Default and Opportunity to Cure (Doc. 19), and Statement of Facts (Doc. 20). These filings are non-responsive to the IRS Petition (Doc. 1) and because Respondent failed to appear at the scheduled hearing, Respondent deprived the Court of the opportunity to hear directly from Respondent as to why he has not complied with the IRS Summons.

Therefore, the Court proposes finding facts and making conclusions of law as enumerated here:

## **PROPOSED FINDINGS OF FACTS**

1. Respondent Morris Dean Brown is a resident of New Mexico who lives at 2320 E. 17th Street, Farmington, New Mexico.

2. The IRS issued a summons in April 2013 for Respondent's testimony and certain records that are in Respondent's possession or control reflecting Respondent's income, assets, liabilities, and other information in relation to his Form 1040 income tax returns for 2005, 2007, 2008 (Doc. No. 1, Exh. A1).

3. The IRS needs the summoned information to facilitate the collection of Respondent's assessed tax liability of $96,973.39, and estimated tax liability of $145,512.52. (Doc. No. 1, Exh. A ¶¶ 2-3; Exh. A1.)

4. Respondent is a resident of Farmington, New Mexico, and therefore this action is properly within the jurisdiction of this Court. (Doc. No. 1, Exh. A ¶ 5; Exh. A1.)

5. Jurisdiction is conferred on this Court by 26 U.S.C. §§ 7402 and 7604(a) and by 28 U.S.C. §§ 1340 and 1345.

6. David A. Duck is a Revenue Office of the Internal Revenue Service, employed by the IRS at the office located in Santa Fe, New Mexico. (Doc. No. 1,Exh. A ¶ 1.) In his capacity as an IRS Revenue Officer, he is authorized to issue IRS summonses pursuant to 26 U.S.C. § 7602, 26 C.F.R. § 301.7602-1, 26 C.F.R. § 301.7602-1T, and Internal Revenue Service Delegation Order No. 4 (as revised).

7. On April 15, 2013, Revenue Officer Duck issued and served upon Respondent an IRS summons and Collection Information Statement, Form 433-A (CIS), requiring him to appear on May 7, 2013, to provide testimony and produce certain documents. (Doc. No. 1,Exh. A, ¶¶ 4-6; Summons, Exh. A1; Service of Summons, Exh. A2; CIS, Exh. A3.)

8. The summons seeks Respondent's testimony and the production of information which will aid the IRS in its investigation to determine Respondent's current ability to pay his delinquent taxes in the amount of $145,512.52 plus interest and penalty until paid. (Doc. No. 1, Exh. A ¶ 2-4; Exh. A1.)

9. Respondent did not appear on May 7, 2013, nor did he provide any of the documents or information required by the summons. (Doc. No. 1, Exh. A ¶ 7.) Instead, he faxed a letter to Revenue Officer Duck stating, among other things, that:

(i) he found the summons at a place he "occasionally" stayed at;

(ii) he is not a government employee;

(iii) he does not grant or extend any authority or jurisdiction over him;

(iv) he does not intend to waste his time [providing information];

(v) he makes obscure Fourth and Fifth Amendment claims; and

(vi) he demands that Revenue Officer Duck "cease and desist any further communications."

(Doc. No. 1, Exh. A ¶ 8; Exh. A4.)

10.  Because Respondent expressed his intention not to comply with the summons, no further contact was made with Respondent by Revenue Officer Duck.  (Doc. No. 1, Exh. A ¶ 9.)

11.  All of the testimony and documents described in the summons are not already in the possession of the IRS. (Id., ¶ 10.)

12.  The testimony and documents requested by the summons are necessary and relevant to the IRS investigation. (Id., ¶ 11.)

13.  The IRS has not referred this tax matter for criminal prosecution. (Id., ¶ 12.)

14.  All administrative steps required by the Internal Revenue Code for the issuance of the IRS summons have been followed.  (Id., ¶ 13.).

15.  Respondent filed an Order to Dismiss Case (Doc. No. 6).

16.  The Court entered an Order to Show Cause (Doc. No. 2) directing the Respondent to appear before the Court to show cause why Respondent should not comply with and obey the IRS summons served upon him in April 2013 by Revenue Officer David A. Duck by providing the testimony and documents demanded by the Summons.  The date of the Show Cause hearing was continued twice and was held on November 20, 2013, at 9:00 a.m. in the Pete V. Domenici Federal Courthouse 333 Lomas Blvd., NW, Hondo Courtroom, 4th Floor, Albuquerque, New Mexico.

17.  The Court, pursuant to 28 U. S. C. §636(b)(1)(C), referred this matter to Magistrate Judge Robert H. Scott to conduct hearings, and if necessary, to prepare and deliver to the Court Findings of Fact and Conclusions of Law resulting from any hearing held.  (Doc. No.

4).

18.     A hearing was held on November 20, 2013, at 9:00 a.m.. The Court waited until 9:12 a.m. for the Respondent to appear. The Respondent did not appear and the Court directed the United States to submit proposed Findings of Fact and Conclusions of Law to the Court within 10 days. Prior to hearing, Respondent filed a Special Court Appearance (Doc. 13), in which he acknowledges the hearing set for November 20, 2013 at 9:00 a.m. Since the date of the hearing, Respondent has not contacted the hearing to explain his absence.

## PROPOSED CONCLUSIONS OF LAW

1.     In order to obtain enforcement of the summons, the United States must establish that the summons: (1) was issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). Once the Government makes its *prima facie* case, the opposing party has a heavy burden to show that enforcement would be an "abuse of process." *Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995); *Balanced Fin. Mgmt.,* 769 F.2d at 1444; *Dynavac,* 6 F.3d at 1414. To carry this burden the challenger must show more than mere legal conclusions, and must allege specific facts and evidence to support his allegations. *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 68 (3rd Cir. 1979); *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1393 (9th Cir. 1985). *See also United States v. LaSalle Nat'l Bank,* 437 U.S. 298, 316 (1978); *Reisman v. Caplin,* 375 U.S. 440, 449 (1964). "Enforcement of a summons is generally a summary proceeding to which a Respondent has few defenses." *United States v. Derr,* 968 F.2d 943, 945 (9th Cir. 1992). When the Respondent cannot do so, the summons must be enforced.

2. The Declaration by Revenue Officer Duck establishes the Government's *prima facie* showing under *Powell*.  Respondent has not presented any evidence to defeat the summons, or to justify or explain why he has failed to meet with Revenue Officer David Duck and provide the requested information.

3. Respondent's physical domicile in New Mexico subjects him to *in personam* jurisdiction in this Court, regardless of whether Respondent consents to jurisdiction of this Court.  *See International Shoe Co. v. Washington*, 326 U.S. 310 (1945); 28 U. S. C. §111.

4. Any claim by Respondent that he is a "sovereign" or "de jure citizen" not subject to taxation is patently frivolous.  *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

5. Respondent also claims that the Court lacks subject matter jurisdiction of this action and that it is subject to International Jurisdiction.  However, this is an income tax matter.  Therefore, this Court's subject matter jurisdiction is proper under 28 U. S. C. §§ 1340 and 1345.

6. By failing to appear at the hearing on the Order to Show Cause on November 20, 2013, Respondent is in civil contempt of this Court.  For a party to be held in civil contempt, it must be shown by clear and convincing evidence that:  (1) a valid order existed, (2) the party had knowledge of the order, and (3) the party disobeyed the order.  *Reliance Ins. Co. v. Nast Consir, Co.,* 159 F.3d 1311, 1315 (10th Cir. 1998).  The moving party is required to establish only a *prima facie* case of contempt by demonstrating that certain conduct was required by a previous court order and that the alleged contemnor failed to comply with that order.  *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984).  A *prima facie* case for contempt may be made either by affidavits attached to the petition, or by sworn testimony presented in open court.  The show cause order places on the alleged contemnor the burden of showing why he should not be held in contempt.  *United States v. Rylander*, 460 U.S. 752, 757 (1983).  The respondent must present

some evidence to explain or justify his failure to produce the requested information. *United States v. Ford*, 514 F3d. 1047, 1051 (10th Cir. 2008).

Here a valid order exists: Order to Show Cause (Doc. No. 2), and the Order resetting the hearing (Doc. No. 11). Respondent acknowledged the Orders and the date and time of the hearing in the first paragraph of his "Special Court Appearance" (Doc. 13) filed the day before the hearing, and yet he still failed to appear at the hearing. Therefore, the Court finds, by clear and convincing evidence, that an Order for Civil Contempt is justified in this matter.

    7. The various filings of the Respondent do not address with valid legal argument the reasons why he will not cooperate with the IRS Summons, only that he is a sovereign citizen and other tax protester verbiage outlining why the IRS does not have authority over him. These repeated filings demonstrate Respondent's disregard of this Court's Authority, and indicate that coercive incarceration is the only method to effectively induce the Respondent's compliance with the Courts Order and the IRS Summons.

    **IT IS THEREFORE RECOMMENDED THAT:**

    (1) The Court find that Respondent is in civil contempt of Court for his failure to appear;

    (2) The Court direct the United States Marshal for the District of New Mexico to arrest Respondent and hold him in federal custody until such time as Respondent either (a) posts a cash bond in the sum of $196,090.41 or (b) Respondent or his agent delivers all of the material required by the IRS summons and Respondent provides oral testimony during an interview with IRS Officer David Duck; and

    (3) The Court order that the summons be enforced.

    Respondent filed a Motion to Dismiss (Doc. 6), which argues that he is not a federal

citizen, among other arguments, related to jurisdiction.  Based on the proposed findings of fact and conclusions of law, it is further recommended that Respondent's Motion to Dismiss (Doc. 6) be denied as lacking in merit.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE