IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**
**INTERNAL REVENUE SERVICE,**

      Petitioners,

                                        Misc. No. 13-MC-36 RB/RHS

vs.

**MORRIS D. BROWN,**

      Respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## ANALYSIS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Analysis and Recommended Disposition (Doc. 22), which was filed on December 4, 2013. After a *de novo* review of the Magistrate Judge's Analysis and Recommended Disposition, the Court concludes that the analysis and the recommended disposition should be adopted in their entirety.

The parties were advised (Doc. 22 at 8) that the deadline for filing objections was within fourteen (14) days of the Magistrate Judge filing his Analysis. The December 19, 2013 deadline passed and objections were not filed. On December 27, 2013, Respondent filed a document titled "Judicial Notice" (Doc. 23), which the Court will construe as objections to the Magistrate Judge's Analysis.

First, the objections are untimely. The Magistrate Judge's Analysis stated:

> Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review

      of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

(Doc. 22 at 8).  Respondent has not proffered any reason as to why he failed to meet the deadline.

      Second, the objections lack merit.  Respondent recites non-sensical arguments, such as the Magistrate Judge made a false statement regarding Respondent's residency in New Mexico because Respondent is "an unincorporated natural man" (Doc. 23 at 4).  Respondent does not state where he does reside.  Another common refrain in the 27-page document filed by Respondent is, "All controversy has been heretofore judicially settled on this statement subject-matter privately between Petitioner and Respondent out of court, and this is true and correct and nothing but the truth.  So help me God" (Doc. 23 at 5).  The continuation of Plaintiff's suit suggests that the matter has not been judicially settled and Respondent has not made the Court aware of any settlement agreement.  Respondent again declines to explain his failure to personally appear in Court as directed.  He admits that he was aware of the Court hearing (Doc. 23 at 11) and argues that his special appearance via documents should suffice.  It does not.  In sum, Respondent's arguments are unpersuasive in light of the facts and law analyzed by the Magistrate Judge.

      **THE COURT OVERRULES** the arguments it has construed as objections in Respondent's "Judicial Notice" (Doc. 23) as untimely and lacking in merit;

      **THE COURT ADOPTS** the Magistrate Judge's Analysis and Recommended Disposition (Doc. 22) in its entirety; and

      **THE COURT FINDS** that the Respondent is in civil contempt of Court for his failure to appear;

**THEREFORE, THE COURT ORDERS** the United States Marshal for the District of New Mexico to arrest Respondent and hold him in federal custody until such time as Respondent either (a) posts a cash bond in the sum of $196,090.41 or (b) Respondent or his agent delivers all of the material required by the IRS summons and Respondent provides oral testimony during an interview with IRS Officer David Duck;

**THE COURT DENIES** Respondent's Motion to Dismiss (Doc. 6) as lacking in merit.

*/s/ Robert Brack*

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE