## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA/**
**INTERNAL REVENUE SERVICE,**

        **Petitioners,**

**v.**                                                                  **Misc. No. 13-MC-0036 RB/WPL**

**MORRIS D. BROWN,**

        **Respondent.**

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Respondent's Requests to Quash Order of Civil Contempt of Court and Bench Warrant, filed on January 11, 2016 and February 18, 2016. (Docs. 53 and 56.) Petitioners oppose the Motion. Jurisdiction is based on 28 U.S.C. § 1345. For the reasons set forth herein, the Court will **DENY** the requests.

**I.     Background**

On April 15, 2013, Petitioner Internal Revenue Service (hereinafter "IRS") served an administrative summons for Respondent's testimony and records relating to his tax returns for the years 2005, 2007, and 2008 to facilitate the collection of Respondent's assessed tax liability of $96,973.39 and estimated tax liability of $145,512.52. (Doc. 1.) Respondent, a resident of Farmington, New Mexico, filed to comply with the summons. (*Id.*) On July 3, 2013, Petitioners filed a Petition to Enforce IRS Summons. (*Id.*)

On July 9, 2013, the Court issued an Order to Show Cause setting a hearing for July 25, 2013 in Las Cruces, New Mexico. (Doc. 2.) On July 22, 2013, the hearing was vacated and the matter was referred to United States Magistrate Judge Robert H. Scott. (Docs. 3 and 4.) Judge

Scott set a show cause hearing in Albuquerque, New Mexico on November 20, 2013.  (Doc. 11.)
Respondent failed to appear at the hearing and Judge Scott issued Proposed Findings and
Recommended Disposition.  (Doc. 22.)  Respondent filed a document entitled "Judicial Notice"
that the Court construed as untimely objections.  (Doc. 23.)

On February 4, 2014, the Court issued an Order Adopting Judge Scott's Analysis and
Recommended Disposition.  (Doc. 25.)  The Court determined that Respondent's arguments
lacked merit, and held Respondent in civil contempt of Court for his failure to appear for the
hearing before Judge Scott.  (*Id*.)  Therein, the Court ordered Respondent to comply with the IRS
summons and directed the United States Marshal to arrest Respondent and hold him in federal
custody until such time as Respondent either (a) posted a cash bond in the sum of $196,090.41,
or (b) Respondent or his agent delivered all of the material required by the IRS summons and
Respondent provided oral testimony during an interview with IRS Officer David Duck.  (Doc.
22.)  Judge Scott issued an arrest warrant on February 12, 2014.  (Doc. 27.)

On February 25, 2014, Judge Scott issued an order quashing the arrest warrant.  (Doc.
28.)  In the order, Judge Scott stated that an agent for Respondent had contacted the Court to
proffer funds in an attempt to comply with the Court's February 4, 2014 Order.  (*Id*.)  The Clerk
of the Court was unable to accept the funds as there was confusion regarding the amount that
Respondent owed to the IRS.  (*Id*.)  Due to the confusion over the amount owed, Judge Scott
quashed the arrest warrant.  (*Id*.)

On March 11, 2014, Petitioners filed a response to Judge Scott's February 25, 2014 Order
and stated that the amount owed to the IRS by Respondent for his delinquent tax debt, including
interest and penalties, was $148,296.61 as of that date.  (Doc. 31.)  On March 13, 2014,
Respondent filed a notice stating that there was no controversy between the parties.  (Doc. 32.)

On May 15, 2014, the United States filed a notice that Respondent had failed to contact the IRS to meet and confer and attempt to settle the case.  (Doc. 33.)

On August 28, 2015, Petitioners filed a Motion for Second Order of Contempt.  (Doc. 35.)  On September 21, 2015, the Court issued an Order to Show Cause why Respondent should not comply with the IRS summons.  (Doc. 37)  The Order to Show Cause provided that "if Respondent fails to appear as ordered above, he may be held in contempt for failing to comply with this Court's Order, he may be arrested for civil contempt of Court, and he may be held until such time as he can appear before this Court to show cause why he failed to comply with the direct order of this Court, and the Court may issue another Order to serve as a warrant for the immediate arrest of Respondent by the United States Marshal for this District, or by any of his deputies."  (*Id.*)

On October 14, 2015, Respondent appeared before the Court at the show cause hearing. (Doc. 46.)  Assistant United States Attorney Manuel Lucero requested that the Court enforce the Petition to Enforce IRS Summons and order Respondent to cooperate with the IRS.  (*Id.*) Respondent Brown questioned the Court's jurisdiction.  (*Id.*)  The Court pointed out that it had found Respondent's arguments to be frivolous in its Order Adopting Judge Scott's Analysis and Recommended Disposition and informed Respondent that the summons would be enforced.  (*Id.*)

On October 15, 2015, the Court issued an Order of Civil Contempt of Court requiring Respondent to provide the IRS with (1) a fully completed and executed Form 433A and the documents requested by the summons, or (2) the full amount of his tax debt of $155,613.72 within ten days.  (Doc. 45.)  The Order of Civil Contempt of Court further provided that "if Respondent fails to comply with this order, a bench warrant will be issued for the immediate arrest of Respondent MORRIS D. BROWN by the United States Marshal for this District, or by

any of his deputies, and upon Respondent MORRIS D. BROWN'S arrest, he shall be held in federal custody until such time as he can appear before this Court and show cause why he failed to comply with the direct order of this Court." (*Id*.)

On December 18, 2015, Petitioners notified the Court that Respondent had failed to comply with the Order of Civil Contempt of Court. (Doc. 47.) On December 21, 2015, the Court issued a second Order of Civil Contempt of Court stating that "the Court finds clear and convincing evidence that Respondent has willfully disobeyed a direct order of this Court and finds Respondent in civil contempt." (Doc. 48.) This Order of Civil Contempt of Court further stated that "a bench warrant shall issue for the immediate arrest of Respondent MORRIS D. BROWN by the United States Marshal for this District, or by any of his deputies, and upon MORRIS D. BROWN'S arrest, he shall be held in federal custody until such time as he can appear before this Court and show cause why he failed to comply with the direct order of this Court." (*Id*.) The Court issued an arrest warrant on December 21, 2015. (Doc. 49.)

On January 11, 2016, Respondent filed the present request to quash the Order of Civil Contempt of Court and the arrest warrant. (Doc. 53.) Petitioners oppose the request. (Doc. 54.) On February 18, 2016, Respondent filed a second request to quash Order of Civil Contempt of Court and bench warrant. (Doc. 56.)

**II.    Discussion**

When a taxpayer fails to obey an IRS summons, the United States may petition the court to enforce the summons. *See* 26 U.S.C. §§ 7402(b), 7604(a). In order to obtain enforcement of the summons, the United States must establish a prima facie case for enforcement by showing that (1) the summons was issued for a proper purpose; (2) the information sought may be relevant to that purpose; (3) the IRS does not already possess that information; and (4) the

4

administrative steps required by the Internal Revenue Code have been followed.  *See United States v. Powell*, 379 U.S. 48, 57–58 (1964); *Anaya v. United States*, 815 F.2d 1373, 1377 (10th Cir. 1987).  Once the United States has met this burden, which is "slight," the burden shifts to the taxpayer to show that enforcement of the summons would "constitute an abuse of the court's process," or that the agency lacks "institutional good faith."  *Anaya*, 815 F.2d at 1377 (internal quotations omitted).

Petitioners established the elements of a prima facie case through the Declaration of Revenue Officer David Duck.  The burden shifted to Respondent to establish a valid defense. Respondent did not present any evidence to defeat the summons or to explain why he failed to provide the requested information.  There is no indication that enforcement of the summons would constitute an abuse of the Court's process or that the IRS lacks good faith.  Thus, the summons was properly enforced.

For a party to be held in civil contempt, it must be shown by clear and convincing evidence that: (1) a valid order existed; (2) the party had knowledge of the order; and (3) the party disobeyed the order.  *See Reliance Ins. Co. v. Nast Constr, Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998).  Respondent has the burden of showing why he should not be held in contempt.  *See United States v. Rylander*, 460 U.S. 752, 757 (1983).  Respondent must present some evidence to explain or justify his failure to produce the requested information.  *See United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008).

At the October 14, 2015 hearing, the Court informed Respondent that it would enforce the summons.  On October 15, 2015, the Court issued a valid Order of Civil Contempt of Court directing Respondent to provide the IRS with a fully completed and executed Form 433A and the documents requested by the summons, or the full amount of his tax debt of $155,613.72 within

ten days.  (Doc. 45.)  Clearly, a valid order existed and Respondent had knowledge of the order. Indeed, Respondent does not dispute that he had knowledge of the Order of Civil Contempt of Court.  Rather, he contends that he complied with the Order of Civil Contempt of Court by faxing copies of credit card bills and an incomplete Form 433-A to Revenue Officer Duck. (Doc. 52.)  A review of these documents refutes this contention.

In the documents submitted to the Court as purported evidence of compliance, Respondent states that he hired an accountant to complete the Form 433-A.  (Doc. 52.) However, many of the boxes on the form were left blank.  (*Id.*)  Respondent stated "n/a" in response to most of the questions about his income and assets.  (*Id.*)  Notably, on the Form 433-A, Respondent claims that he pays $2,191 per month in living expenses, yet does not identify the source of the funds to pay those expenses.  (Doc. 52-1.)  Respondent states in his first Request to Quash Order of Civil Contempt of Court and Bench Warrant that he sold silver and gold coins to pay his credit card bills.  (Doc. 53.)  In his second Request to Quash Order of Civil Contempt of Court and Bench Warrant, Respondent states that his expenses are paid by donations from family and friends.  (Doc. 56.)  No matter the source of the money, the Form 433-A is incomplete. Moreover, it is undisputed that Respondent has not paid his delinquent tax debt.

The Court ordered Respondent to provide the IRS with (1) a fully completed and executed Form 433A and the documents requested by the summons, or (2) the full amount of his tax debt of $155,613.72 by October 25, 2015.  (Doc. 45.)  Respondent failed to comply with the Order of Civil Contempt of Court.  (Doc. 47.)  Although Respondent provided an incomplete Form 433-A, as well as some credit card statements, he failed to provide the information requested by the summons.  Respondent has neither explained nor justified his failure to produce the requested information.  For these reasons, Respondent has not satisfied his burden to show why he should not be held in contempt of Court.

### III.       Conclusion

Respondent has avoided responding to the IRS summons for over three years. Respondent has eluded Petitioners' attempts to collect Respondent's delinquent tax debt. Respondent failed to comply with the Court's orders.  Respondent has not satisfied his burden to show why he should not be held in contempt of Court.

**THEREFORE,**

**IT IS ORDERED** that Respondent's Requests to Quash Order of Civil Contempt of Court and Bench Warrant, filed on January 11, 2016 and February 18, 2016 (Docs. 53 and 56) are **DENIED**.

**IT IS FURTHER ORDERED** that the United States Marshal for this District, or any of his deputies, shall execute the arrest warrant issued on December 21, 2015.

**IT IS FURTHER ORDERED** that upon Respondent's arrest, he shall be held in federal custody until such time as he can appear before this Court and show cause why he failed to comply with the direct orders of this Court.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**